WILLIAM P. HARVEY, PROSECUTOR, v. WILLIAM K. NEW-
TON, STATE DAIRY COMMISSIONER.

The general authority of a grocer's salesman to sell the groceries brought
to the store for sale, will not be revoked, with regard to a package of
oleomargarine, by the grocer's saying to him, "That butter is not suit-
ing our customers, and we had better not sell any more."

On *certiorari.*

Argued at November Term, 1889, before Justices KNAPP
and DIXON.

For the prosecutor in *certiorari, Mark R. Sooy.*

For the state dairy commissioner, *C. V. D. Joline.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up a judgment rendered
by the Burlington Sessions against the prosecutor, at the suit
of the state dairy commissioner, for a penalty incurred by an
illegal sale of oleomargarine.

The prosecutor was a grocer, and the sale in question was
made by his salesman from a package of oleomargarine kept
in the store, from which sales had previously been made in
the ordinary course of business, but as to which the grocer
had, before the sale complained of, told the salesman that
"that butter is not suiting our customers, and we had better
not sell any more."

The only reason assigned for reversal is, that the evidence
did not warrant the court in finding that the sale was made
by authority of the prosecutor.

We think it did. The testimony above quoted was a mere
recommendation to the salesman, and not a revocation of his
general authority to sell the groceries brought to the store for
sale, which was implied in his employment as salesman.

The judgment should be affirmed, with costs.